# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY FERGUSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. CV415-238 |
| JUNE E. FOGLE, Public Defender and Magistrate Judge HARRIS ODELL JR., | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Anthony Ferguson has filed a 42 U.S.C. § 1983 complaint for damages against the public defender and state recorder's court judge involved in the ongoing state criminal proceedings against him. Doc. 1; *see also* attached state court docket showing that his prosecution is still pending.[1]

Ferguson complains that defendant June Fogle, his public defender, waived his right to a preliminary hearing without his consent

---

[1] As Ferguson is proceeding *in forma pauperis* ("IFP"), docs. 2 & 3, his action is subject to immediate dismissal if the Court determines that it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2) (requiring the dismissal of IFP actions "any time" they raise non-cognizable claims); 28 U.S.C. § 1915A (requiring early screening of all prisoner/detainee complaints against governmental entities or officials and the dismissal of non-cognizable claims).

and that Judge Harris Odell abetted that unauthorized waiver by accepting it and "commiting [Ferguson] to detainment." Doc. 1 at 5. He seeks "cash dollars . . . in reasonable amounts for each day" of his "false[] imprisonment," the termination of the state charges he faces, and a refund of all money he spent in the jail commissary and on "telephone time." *Id.* at 6.

His case is dead on arrival. First, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either directly through an injunction compelling speedier release or indirectly through a

judicial determination that necessarily implies the unlawfulness of the State's custody.'") (quoting *Wilkinson*, 544 U.S. at 81); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015).[2]

Second, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Defendant Fogle is not a state actor, so she cannot be sued under § 1983.

Third, Judge Odell is immune from suit, since Ferguson alleges nothing beyond activities by him that fall within his official function. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute immunity for all actions taken in their judicial capacity. . . .") (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *see also id.* (Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.")

---

[2] Before Ferguson can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. § 2254(b), (c). If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Such petition, however, would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

(quotes omitted). Nor is he otherwise entitled to injunctive relief against Judge Odell. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Waterfield*, 518 F. App'x at 668.

Given the sheer frivolity of Ferguson's complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). Also because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Ferguson to pay his filing fee. His furnished PLRA paperwork reflects $151.67 in average monthly deposits

and a $11.65 average monthly balance over the six month period prior to the date of his Prison Account Statement. Doc. 4. He therefore owes a $30.33 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this 30th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA